# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTIRCT OF WEST VIRGINIA

**JAMES BEANE, on behalf of himself and all others similarly situated,**

      **Plaintiff,**

**v.**                                            **Civil Action No.**   5:24-cv-00102

**ALLEGHENY WOOD PRODUCTS, INC.,**

      **Defendant.**

## CLASS ACTION COMPLAINT

COMES NOW James Beane, on behalf of himself and all others similarly situated, and for his class action complaint against Defendant Allegheny Wood Products, Inc., states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiffs' federal claim under 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5) and has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2. Plaintiff brings this action on his own behalf and behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3. Venue is proper inasmuch as Allegheny Wood Products, Inc., ["Allegheny"] transacts business within the Southern District of West Virginia, Beckley Division, and a substantial part of the allegations set forth herein occurred in the Southern District of West Virginia.

### PARTIES

4. Plaintiff James Beane at all times relevant hereto resided in Princeton, Mercer County, West Virginia.

5. Plaintiff James Beane brings this action on behalf of a class of similarly situated individuals.

6. Mr. Beane and others are "aggrieved employee[s]" under 29 U.S.C. § 2104(a)(7).

7. Mr. Beane and others are "affected employees" under 29 U.S.C. §2101(a)(5).

8. Mr. Beane and others are "employee[s]" within the meaning of W.Va. Code § 21-5-1(b).

9. Defendant Allegheny Wood Product, Inc., is a domestic corporation that, at all times relevant hereto, was conducting business throughout West Virginia.

10. Defendant Allegheny is an "employer" under 29 U.S.C. § 2101 (a)(1).

11. Defendant Allegheny is an "employer" within the meaning of W.Va. Code § 21-5-1(m).

## FACTS

12. Plaintiff incorporates herein by reference all preceding paragraphs of the Class Action Complaint.

13. Defendant employed Mr. Beane and others at multiple sites of employment in West Virginia until February 23, 2024.

14. On February 23, 2024 Defendant terminated Mr. Beane and all other employees.

15. The termination was effective immediately.

16. Defendant failed to provide a 60-day WARN Act notice.

17. There were no "unforeseen business circumstances" that required termination of Plaintiff and others without notice.

18. There were sufficient employees affected by Defendant's actions and/or inactions, and joinder of all member is impracticable, so as to meet the numerosity requirement of Rule 23.

19. A class action is superior as to other available methods for fairly and efficiently adjudicating this controversy so as to meet the superiority requirement of Rule 23.

20. Questions of law and fact are common to the class so as to meet the commonality requirement of Rule 23.

21. These questions of law and fact are common to class members so as to predominate over any questions affecting individual members of the class so as to satisfy the predominance requirement of Rule 23.

22. The claims of Plaintiff are typical of the claims of the class so as to meet the typicality requirement of Rule 23.

23. Plaintiff will fairly and adequately represent the interests of the class so as to meet the adequacy of representation requirement of Rule 23.

24. Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudication that would establish incompatible standards of conduct for the party opposing the class.

25. Prosecuting separate actions by the class members would be dispositive of interest of other members not parties or would substantially impair or impede their ability to protect their interests.

26. Plaintiff proposes a class definition of "all employees of Allegheny, at any work site or location in West Virginia, who were entitled to and did not receive proper WARN notice and/or proper payment" as set forth in more detail herein.

## COUNT I
### Violation of the WARN Act, 29 U.S.C. § 2101-2109

27. Plaintiff incorporates herein by reference all preceding paragraphs of the Class Action Complaint.

28. Defendant Allegheny employed over 100 full-time employees who in the aggregate worked at least 4,000 hours per week, exclusive of overtime hours.

29. Therefore, Allegheny was an employer of Plaintiff and others as defined under 29 U.S.C. § 2101 (a)(1)(A) and (B).

30. The "mass layoff" and/or anticipated shutdown ("plant closing") effective February 23, 2024, as those terms are defined under 29 U.S.C. § 2101 (a)(2) and (3), would result in "employment losses" for more than 50 of Defendant's employees as that term is defined under 29 U.S.C. § 2101 (a)(6).

31. Plaintiff and others that were not provided a WARN Act Notice are "affected employees" within the meaning of 29 U.S.C. § 2101 (a)(5).

32. Of these affected employees, Plaintiff and others suffered an employment loss on February 23, 2024.

33. Defendant failed to give at least 60 days advance notice to all "affected employees" of their terminations as required by 29 U.S.C. § 2102(a)(1).

34. Defenant was not entitled to a reduction of the 60-day notification period under 29 U.S.C. § 2102(b) because the plant closing and/or mass layoff described herein were not due to unforeseen business circumstances.

35. A reduction of the 60-day notification period under 29 U.S.C. § 2102(b) was not warranted for any other reason.

36. Defendant failed to pay Plaintiff and others sixty days pay and benefits owed to them under the WARN Act between the dates of February 23, 2024 and April 23, 2024.

37. Plaintiffs are entitled to the value of their wages and benefits for the 60-day period.

38. Plaintiffs are entitled to a civil penalty for each violation.

39. Plaintiffs are entitled to reasonable costs and attorney fees.

## COUNT II
### Violations of the West Virginia Wage Payment and Collection Act, W.Va. Code §21-5-1, et seq.

40. Plaintiff incorporates herein by reference all preceding paragraphs of the Class Action Complaint.

41. Plaintiff and others are "employees" within the meaning of W.Va. Code § 21-5-1(b).

42. Defendant is an "employer within the meaning of W.Va. Code § 21-5-1(m).

43. The monies due to Plaintiff and others are "wages" within the meaning of W.Va. Code § 21-5-1(c).

44. Upon termination, all wages were payable to Plaintiff and others on or before the next regular payday.

45. Defendant failed to make payment of wages due on or before the next regular payday.

46. Plaintiff and others are entitled to their wages and benefits due.

47. Plaintiff and others are entitled to liquidated damages in the amount of threefold the damages sustained.

48. Plaintiff and others are entitled to reasonable cost and attorney fees.

WHEREFORE, Plaintiffs are entitled to and seek relief in the form of:

1. Compensatory damages;
2. Civil penalties;
3. Liquidated damages;
4. Attorney costs and fees; and
5. All such other and further relief as the Court deems just and proper.

Plaintiff demands a trial by jury.

**JAMES BEANE, on behalf of himself and all others similarly situated,**

**By Counsel,**

 */s/ Amanda J. Taylor*
Amanda J. Taylor (#11635)
Taylor, Hinkle & Taylor
115 ½ S. Kanawha St.
Beckley, WV 25801
304.894.8733 (P)
681.245.6236 (F)
amanda@thtwv.com